UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MICHELE BAKER<br><br>　　　　Plaintiff,<br><br>　-v-<br><br>MIDSTATE COLLECTION SOLUTIONS, INC.<br><br>　　　　Defendant. | CASE NO.: 3:20-cv-00105<br><br>JUDGE:<br><br>**COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff, Michele Baker, ("Plaintiff" or "Ms. Baker"), by and through the undersigned attorney, and for her Complaint against Midstate Collection Solutions, Inc. ("Defendant" or "MCSI"), states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") based on Defendant's unlawful collection practices as described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Southern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff is a natural adult person who resided in Neoga, Illinois, which lies within the Southern District of Illinois.

5. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Defendant, is a corporation formed in the state of Illinois.

7. Defendant is in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

10. Ms. Baker checked her credit and discovered that Defendant was reporting an adverse item in the amount of $69 (the "Subject Debt"). Relevant pages from Ms. Baker's Experian credit report are attached to this Complaint as Exhibit A.

11. The Subject Debt is an obligation or alleged obligation of a consumer arising out of a transaction incurred for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Shortly thereafter, on December 27, 2019, Ms. Baker placed a telephone call to Defendant at (217) 351-1888 to learn more about the Subject Debt.

13. During said telephone call, Ms. Baker spoke with an employee/representative of the Defendant (the "Representative").

14. The Representative informed Ms. Baker that the Subject Debt had been placed with Defendant for collection and asked Ms. Baker to make a payment.

15. As of December 27, 2019, the date Ms. Baker placed the telephone call to the Defendant, the Subject Debt was time-barred, *i.e.*, it fell outside the applicable statute of limitations period.

16. At no time during said telephone call did Defendant or the Representative inform Ms. Baker that the Subject Debt was unenforceable by operation of the statute of limitations.

17. At no time during said telephone call did Defendant or the Representative inform Ms. Baker that they could not file a collection lawsuit to enforce the Subject Debt.

18. At no time during said telephone call did Defendant or the Representative inform Ms. Baker that making a payment on the Subject Debt could remove, waive or restart the statute of limitations.

19. On information and belief, all actions by Defendant as defined in this Complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

20. Plaintiff has been misled and harassed by Defendant's actions.

21. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Subject Debt from her.

22. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

23. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

24. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Subject Debt.

25. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm her, with knowledge that its actions would very likely harm her, and/or with knowledge that its actions were taken in violation of the law.

26. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692d, e, e(2)(A) and f

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 as though fully restated herein.

28. The FDCPA states, in relevant part:

> A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt. 15 U.S.C. §§ 1692e and e(2)(A).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), d and f during its telephone communication with Plaintiff by attempting to collect the Subject Debt without providing a

disclosure of information to Plaintiff regarding: (i.) the time-barred status of the Subject Debt, (ii.) that it cannot file a collection lawsuit, and (iii.) the potential legal consequences of making a payment or merely acknowledging the validity of the Subject Debt.

30. As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, accurate and complete, especially when time-barred debt is involved.

31. Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michele Baker, respectfully requests that this Court enter judgment in her favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 23rd day of January, 2020.   Respectfully Submitted,

   */s/ Samuel L. Eirinberg*
Samuel L. Eirinberg #6328842
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
sam.e@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                            */s/ Samuel L Eirinberg*
                                            Samuel L. Eirinberg #6328842
                                            CONSUMER LAW PARTNERS, LLC

## DECLARATION OF MICHELE BAKER

1. I, Michele Baker, am the Plaintiff in this matter and I have personal knowledge of the facts alleged herein.

2. On December 27, 2019, I made a telephone call to Midstate Collection Solutions, Inc. ("MCSI") at (217) 351-1888 after I noticed an alleged obligation had purportedly been placed with MCSI for collection on my Experian credit report.

3. During said telephone call, I spoke with an employee/representative of MCSI (the "Representative").

4. The Representative stated that I have an account that has been placed with MCSI in the amount of $69 that is owed to Lakeland Radiologists (the "Subject Debt").

5. The Representative also asked me to make a payment on the Subject Debt.

6. At no time during said telephone call did MCSI or the Representative inform me that the Subject Debt was unenforceable by virtue of the statute of limitations.

7. At no time during said telephone call did MCSI or the Representative inform me that they could not file a collection lawsuit to enforce the Subject Debt.

8. At no time during said telephone call did MCSI or the Representative inform me that making a payment on the Subject Debt could remove, waive or restart the statute of limitations.

9. I verify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed this 7th day of January 2020.

DocuSigned by:
_____
CC7F36C2DFCB4EB...
Michele Baker